IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INFOGROUP, INC., infoUSA, Inc., and infoUSA Marketing, Inc., Delaware corporations, | ) ) ) ) | CASE NO. 8:14CV49 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DATABASEUSA.COM LLC d/b/a Database101.com, d/b/a InfoFree.com, and d/b/a AtoZ Databases, a Nevada limited-liability company, VINOD GUPTA, BLAKE VAN GILDER, JASON DAILEY, MARK PULJAN, JON McCORMICK, and JOHN DOES 1-20, | ) ) ) ) ) ) ) ) | **DEFENDANT DATABASEUSA.COM LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SUPPLEMENTAL COMPLAINT, AND DATABASEUSA.COM LLC'S SUPPLEMENTAL COUNTERCLAIM** |
| Defendants. | ) ) | |

Defendant DatabaseUSA.com LLC f/k/a Database101.com ("DatabaseUSA"), for its Answer to the Plaintiffs' First Supplemental Complaint (Filing No. 100), answers, states, and affirmatively alleges as follows:

**PARTIES**

1. DatabaseUSA is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiffs' Supplemental Complaint and therefore denies same.

2. DatabaseUSA admits it is a Nevada limited liability company and is successor-in-interest to Databasellc, but denies the remaining allegations in Paragraph 2 of Plaintiffs' Supplemental Complaint.

3. DatabaseUSA denies the allegations in Paragraph 3 of Plaintiffs' Supplemental Complaint.

4. DatabaseUSA admits the allegations in Paragraph 4 of Plaintiffs' Supplemental Complaint.

1

5. DatabaseUSA admits the allegations in Paragraph 5 of Plaintiffs' Supplemental Complaint.

6. DatabaseUSA admits the allegations in Paragraph 6 of Plaintiffs' Supplemental Complaint.

7. DatabaseUSA admits the allegations in Paragraph 7 of Plaintiffs' Supplemental Complaint.

8. DatabaseUSA admits the Plaintiffs purport to add John Does 1-20 to their Supplemental Complaint, but denies that the Plaintiffs are entitled to any relief against any of the identified or unidentified Defendants.

## JURISDICTION AND VENUE

9. DatabaseUSA admits this Court has subject matter jurisdiction over this action, but denies the remaining allegations in Paragraph 9 of Plaintiffs' Supplemental Complaint.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, DatabaseUSA denies same.

11. DatabaseUSA admits venue is proper in this Court, but denies the remaining allegations in Paragraph 11 of Plaintiffs' Supplemental Complaint.

## COUNT I

**Breach of Contract -- Violation of Non-Solicitation Agreement
(against DB101)**

12. DatabaseUSA repeats and realleges each of its responses to Plaintiffs' allegations in the preceding paragraphs as if fully set forth herein.

13. DatabaseUSA admits the parties entered into a settlement agreement in the Douglas County District Court litigation in March 2012. The remaining allegations in Paragraph

13 of Plaintiffs' Supplemental Complaint constitute legal conclusions to which no response is reuqired.

14. DatabaseUSA admits the allegations in Paragraph 14 of Plaintiffs' Supplemental Complaint.

15. DatabaseUSA admits that the parties' Agreement requires the parties to govern their behavior under the terms of the Agreement for a period of four years.

16. DatabaseUSA admits that Infogroup agreed to dismiss its claims against Databasellc, but denies the remaining allegations in Paragraph 16 of Plaintiffs' Supplemental Complaint.

17. DatabaseUSA admits the allegations in Paragraph 17 of Plaintiffs' Supplemental Complaint.

18. DatabaseUSA denies the allegations in Paragraph 18 of Plaintiffs' Supplemental Complaint.

19. DatabaseUSA denies the allegations in Paragraph 19 of Plaintiffs' Supplemental Complaint.

20. DatabaseUSA admits that Alan Sege sent a letter dated March 25, 2015 to Defendants' counsel, but states that the letter speaks for itself, and therefore denies the remaining allegations in Paragraph 20 of Plaintiffs' Supplemental Complaint.

21. DatabaseUSA is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Supplemental Complaint, and therefore denies same.

22. DatabaseUSA states that the parties' correspondence speaks for itself, and therefore denies Plaintiff's characterization of same and denies the allegations in Paragraph 22 of Plaintiffs' Supplemental Complaint.

23. DatabaseUSA denies the allegations in Paragraph 23 of Plaintiffs' Supplemental Complaint.

24. DatabaseUSA denies the allegations in Paragraph 24 of Plaintiffs' Supplemental Complaint.

25. DatabaseUSA denies the allegations in Paragraph 25 of Plaintiffs' Supplemental Complaint.

26. DatabaseUSA denies all other allegations set forth in Plaintiffs' Supplemental Complaint not expressly admitted herein, except those which constitutes admissions against the interest of the Plaintiffs.

## AFFIRMATIVE DEFENSES

27. Plaintifs' Supplemental Complaint fails to state a claim upon which relief may be granted.

28. Plaintiffs' Supplemental Complaint is barred because of Plaintiffs' prior breach of the parties' agreement, and/or the Plaintiffs' breach of the covenant of good faith and fair dealing.

29. Plaintiffs' Supplemental Complaint is barred because Plaintiffs have not been damaged by the alleged conduct complained of in the Supplemental Complaint.

30. Plaintiffs' Supplemental Complaint is barred because the non-solicitation provision at issue may be an impermissible restraint of trade against publicy policy, and may therefore be unenforceable.

31. Plaintiffs' Supplemental Complaint is barred due to Plaintiffs' unclean hands.

32. Plaintiffs' Supplemental Complaint is barred because one or more of the Plaintiffs is not the real party in interest.

33. Plaintiffs' Supplemental Complaint is barred due to Plaintiffs' failure to plead their special damages with particularity.

34. DatabaseUSA hereby gives notice to Plaintiffs that until DatabaseUSA avails itself of its right of discovery, it cannot determine whether any further and/or additional affirmative defenses will be necessary and/or appropriate in this matter, and it therefore reserves its right to add such other affirmative defenses as may become known to DatabaseUSA through the course of discovery and investigation of this matter.

WHEREFORE, DatabaseUSA respectfully requests an Order dismissing Plaintiffs' Supplemental Complaint with prejudice, at Plaintiffs' cost, and for such other and further relief as the Court deems fair and just.

## SUPPLEMENTAL COUNTERCLAIM

COMES now DatabaseUSA.com LLC, by and through its undersigned attorneys, and for its Supplemental Counterclaim against Infogroup, Inc., InfoUSA, Inc., and InfoUSA Marketing, Inc., states and alleges as follows:

1. DatabaseUSA.com LLC is a Nevada limited liability company.

2. Infogroup, Inc., InfoUSA, Inc., and InfoUSA Marketing, Inc. (collectively "Infogroup"), are Delaware corporations with their principal places of business in Papillion, Nebraska.

## JURISDICTION

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Infogroup because Infogroup has its principal place of business in Nebraska, regularly transacts business in Nebraska, and because

the specific conduct at issue in this Supplemental Counterclaim transpired within the District of Nebraska.

## BACKGROUND

5. DatabaseUSA repeats and realleges each of the allegations in the preceding paragraphs previously pled in this Supplemental Counterclaim as if each were set forth in full herein.

6. In March 2012, Infogroup and DatabaseUSA's predecessor-in-interest executed a settlement agreement ("Agreement") to resolve a then-existing dispute between the parties.

7. The Agreement called for dismissal with prejudice of certain litigation pending between the parties at that time, and the lawsuit was indeed dismissed with prejudice. All claims by and between the parties that were raised in the litigation, or could have been raised in the litigation, were released as part of that dismissal and accompanying Agreement.

8. Section 3 of the Agreement contains a mutual non-solicitation agreement, which provides that "neither shall attempt to hire the other's employees while those individuals are still employed by the other."

## COUNT I - BREACH OF CONTRACT

9. Infogroup alleges that DatabaseUSA began breaching the non-solicitation agreement in March 2015. See Filing No. 100, ¶ 18.

10. At least as early as February 2015, Infogroup violated the non-solicitation provision of the Agreement by contacting DatabaseUSA employees and advising those employees that Infogroup was "seeking someone with [their] experience to join [Infogroup's] staff…." Specifically, Infogroup's Senior Contract Technical Recruiter, Sharon Sell, contacted DatabaseUSA employees through LinkedIn on February 19, 2015, for the purpose of recruiting

6

DatabaseUSA employees to work at Infogroup. A true and correct copy of a LinkedIn communication from Infogroup's Senior Contract Technical Recruiter to a DatabaseUSA employee, dated February 19, 2015, is attached hereto as Exhibit "A."

11. Infogroup continued its efforts to solicit DatabaseUSA's employees after February 2015. For example, on April 7, 2015, Infogroup's Senior Corporate Recruiter, Tiffany Haire, sent a LinkedIn message to DatabaseUSA employee Michael Cox, seeking to connect with Mr. Cox on LinkedIn. Ms. Haire's message indicated that she was "recruiting real-time talent to grow the Infogroup team." A true and correct copy of Ms. Haire's LinkedIn profile, identifying her as Infogroup's Senior Corporate Recruiter, is attached as Exhibit "B." A true and correct copy of Ms. Haire's LinkedIn solicitation to Mr. Cox, dated April 7, 2015, is attached hereto as Exhibit "C."

12. Infogroup's solicitations of current DatabaseUSA employees constitute violations of the terms of Section 3 of the parties' March 2012 Agreement.

13. Infogroup's solicitation of DatabaseUSA employees occurred immediately prior to, and immediately following, Infogroup's demands that DatabaseUSA comply with Section 3 of the Agreement. Accordingly, Infogroup was aware of the provisions set forth in Section 3 of the Agreement and intentionally and willfully violated that provision in the Agreement.

14. DatabaseUSA's counsel sent a letter to Infogroup's counsel on April 28, 2015, demanding that Infogroup cease and desist its solicitation of DatabaseUSA employees and confirm in writing within five business days that it has done so. A true and correct copy of the April 28, 2015 letter is atached hereto as Exhibit "D."

15. Infogroup did not respond to DatabaseUSA's April 28, 2015 correspondence and has not confirmed it will cease and desist from its ongoing breach of the Agreement.

16. DatabaseUSA has suffered harm as a direct and proximate result of Infogroup's breach of the Agreement, including, but not limited to, the dismissal of its Counterclaims in the 2012 litigation in exchange for the promises made by Infogroup in the Agreement.

17. DatabaseUSA has no adequate remedy at law for Infogroup's ongoing breeach of the Agreement's non-solicitation clause.

WHEREFORE, DatabaseUSA prays for relief as follows:

1. Judgment in favor of DatabaseUSA on its Supplemental Counterclaim.

2. An injunction prohibiting Infogroup from continuing its practice of soliciting current DatabaseUSA employees for possible employment at Infogroup in breach of the parties' Agreement.

3. Such other and further relief as the Court deems fair and just.

## JURY DEMAND AND REQUEST FOR PLACE OF TRIAL

DatabaseUSA hereby demands trial by jury and requests that trial of this case take place in Omaha, Nebraska.

Dated this 12th day of May, 2015.

    Respectfully submitted,

    DATABASEUSA.COM LLC, Defendant and
    Counterclaim Plaintiff

    BY: /s/ Mark C. Laughlin
        Mark C. Laughlin, #19712
        Patrick S. Cooper, #22399
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, Nebraska 68102-2663
        (402) 341-6000
        mlaughlin@fraserstryker.com
        pcooper@fraserstryker.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of May, 2015, the above document was filed electronically via the Court's CM/ECF system, which sent electronic notification of such filing to the following:

| | |
|---|---|
| John Passarelli<br>Doug Peters<br>KUTAK ROCK<br>1650 Farnam Street<br>Omaha, NE 68102 | Ari N. Rothman<br>Venable LLP<br>575 7th Street, NW<br>Washington, DC 20004 |
| Alan Sege<br>ALAN SEGE LAW FIRM<br>6601 Center Drive West<br>Suite 700<br>Los Angeles, CA 90045 | Ryan Hatch<br>LINER LAW FIRM<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024 |

/s/ Mark C. Laughlin

1287112.2