IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

INFOGROUP, INC., Delaware corporation;

    Plaintiff,

vs.

DATABASE LLC, a Nevada limited-liability company, et. al;

    Defendants.

**8:14CV49**

**ORDER**

IT IS ORDERED:

1) Defendants' motion to extend the time for responding to discovery, (Filing No. 119), is granted. Defendants shall have until August 10, 2015, to respond and/or object to Plaintiff's previously served discovery.

2) As to the topics discussed during the conference call held on July 13, 2015, specifically the issues of conducting phased discovery[1] and the number of interrogatories allowed, (see attached email), any motions on those issues shall be filed on or before August 10, 2015, with the response due on August 20, 2015, and any reply filed on or before August 25, 2015.

3) Absent a timely filed motion on the issues addressed on July 13, 2015, each side will be limited to 150 interrogatories and the court will not order phased discovery.

July 21, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] As used in this order, phased discovery is defined to mean "the parties would first produce all of their technical materials – i.e. source code, computer programs, and databases, before producing other documents."

 **Fwd: Infogroup v. DatabaseUSA et al; Case No. 8:14-cv-49**
*Cheryl Zwart (Mag Judge)*

4 attachments


FRASER-#1315554-v1-Plaintiffs__Responses_to_Blake_Van_Gilder_s_First_Set....pdf


FRASER-#1315566-v1-Plaintiffs__Responses_to_Blake_Van_Gilder_s_First_Set....pdf


FRASER-#1315573-v1-Plaintiffs__Responses_to_DatabaseUSA_com_s_First_Set_....pdf  M1.2.gif

**From:** "COOPER, PATRICK" <PCOOPER@FraserStryker.com>
**To:** "zwart@ned.uscourts.gov" <zwart@ned.uscourts.gov>
**Cc:** "Ryan E. Hatch (rhatch@linerlaw.com)" <rhatch@linerlaw.com>, "LAUGHLIN, MARK" <MLAUGHLIN@FraserStryker.com>
**Subject:** Infogroup v. DatabaseUSA et al; Case No. 8:14-cv-49

Dear Judge Zwart:

Bren Chambers asked that the parties provide you with a very brief description of the issues to be discussed on our telephone conference at 1:00 on Monday, July 13, regarding the above-referenced case. Ryan Hatch and I prepared the following summary for your review. There are three primary issues we anticipate discussing, and each of the issues is generally related to one another:

1. Plaintiffs request phased discovery, whereby the parties would first produce all of their technical materials – i.e. source code, computer programs, and databases, before producing other documents. The Plaintiffs believe this will streamline discovery in the case, by potentially narrowing issues relating to technical discovery regarding the parties' databases, source code, and computer programs, such as acquisition of Defendants' databases by Plaintiffs, copying of Plaintiffs' databases by defendants, and assessment of the quality of data. In plaintiffs' view, this does not expand the scope of discovery at all, because the parties are already seeking the technical phase 1 information.

The Defendants disagree with the Plaintiffs' request for phased discovery, as stated in the Joint

Rule 26(f) Report. The Defendants believe it would expand the scope of discovery rather than streamline discovery, and Defendants do not believe they should be prevented from conducting discovery to learn the scope and basis of Plaintiffs' claims. The Plaintiffs have asserted 15 separate claims against the Defendants in this case, and the Defendants are entitled to discover the alleged factual basis of those claims. The case has been pending for approximately 17 months. Moreover, the Defendants oppose production of their proprietary and confidential business information to a competitor before the competitor has even been required to identify the basis of its claims. The parties stated their positions on this issue in the Joint Rule 26(f) Report.

2.   The Defendants served written discovery requests on May 21. The Plaintiffs have objected to all of the discovery requests for numerous reasons (as reflected in the attached discovery responses), including a four-page "preliminary statement" and "general objections, and the Plaintiffs also asserted objections based on the Plaintiffs' request for phased discovery as noted above (declining to respond to any request outside of Plaintiffs' requested "phase 1" of discovery). Plaintiffs note that they have objected to certain of the requests as falling in phase 2, but that they have not objected to proceeding with certain other requests that fall within phase 1, subject to other objections as to relevancy, privilege and the like.

The Defendants want the Plaintiffs to substantively respond to the Defendants' written discovery requests, which responses were due three weeks ago. Plaintiffs state that they have agreed at this time to respond to all discovery requests that fall within phase 1, pending the Court's resolution of the phased discovery issue, but the Plaintiffs have not substantively responded to any of the Defendants' requests at this time, and have asserted pages of objections instead. Likewise, the Plaintiffs have not produced any documents at this time, including even the documents identified in their Rule 26 Initial Disclosures, which the Defendants specifically requested in their Requests for Production of Documents.

3.   The parties stated in the Joint Rule 26(f) Report that "the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is 35." (See Filing No. 101, p. 12). Plaintiffs request that this limitation apply to the "Plaintiffs as a group" and the "Defendants as a group," as already required for depositions, rather than to each "party." Under Plaintiffs' request, all six defendants (and all three plaintiffs) would only be permitted to serve a total of 35 Interrogatories (less than six Interrogatories per party for defendants).

The Defendants' position is that each **party** is entitled to serve up to 35 Interrogatories pursuant to the agreement reached in the Joint Rule 26(f) Report. The Defendants would not have agreed to limit all six defendants to only 35 total Interrogatories, especially when they are entitled to 25 Interrogatories **per party** under Rule 33 of the Federal Rules of Civil Procedure. After agreeing in the Joint Rule 26(f) Report to 35 Interrogatories per party, the parties agreed in the following paragraph of the Report to limit the number of depositions to 10 depositions that may be taken "by the Plaintiffs as a group" and 10 depositions "by the Defendants as a group," so the parties understood how to make that distinction when they intended to impose discovery limitations "per side" rather than "per party."

Plaintiff's position is that it was clearly an oversight to include in the Joint Rule 26(f) report language indicating an *increase* in the number of interrogatories for each party. In Plaintiff's

view this was intended to apply to each side, as in the limit on depositions.  Allowing 35 interrogatories per party would permit defendants as a group 210 interrogatories and plaintiffs as a group 105 interrogatories, which is excessive given the substantial overlap in the discovery sought by the parties on each side.

In Defendants' view, they would not have agreed to *decrease*   the number of Interrogatories they could collectively serve from 25 per party, to only approximately 6 per party, particularly where the Plaintiffs have asserted 15 separate claims against them, and significant discovery is needed to learn the basis of those claims.

Thank you for considering these issues.

Pat Cooper (counsel for Defendants) and Ryan Hatch (counsel for Plaintiffs)

**Patrick S. Cooper**
**Attorney**
Fraser Stryker PC LLO
500 Energy Plaza **|** 409 South 17th Street **|** Omaha, NE 68102
Direct Dial 402.978.5376 **|** Fax 402.341.8290
pcooper@fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message. Thank you.

Circular 230 Disclosure: We inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.