IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP, INC., Delaware corporation; INFOUSA, INC., AND Delaware corporation; and INFOUSA MARKETING, INC., Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>DATABASELLC, a Nevada limited-liability company; VINOD GUPTA, BLAKE VAN GILDER, JASON DAILEY, MARK PULJAN, JON MCCORMICK, JOHN DOES, AND 1-20; and DATABASEUSA.COM LLC, a Nevada limited-liability company;<br><br>Defendants. | 8:14CV49<br><br>**MEMORANDUM AND ORDER** |

Citing a conflict of interest, Defendants have moved to disqualify Gregory C. Scalione and Koley Jessen P.C. L.L.O. as counsel for the Plaintiff. ([Filing No. 199](#)). Gupta claims Koley Jessen previously represented him from 2001 to 2010 (when he was CEO, Board Chairman and the largest single shareholder of Infogroup), and from 2011 to 2014 (when he was CEO, Board Chairman, and the largest single shareholder of Database). For the reasons stated below, the motion will be denied.

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." [Macheca Transport Co. v. Philadelphia Indemnity Insurance, Co., 463 F.3d 827, 833 (8th Cir. 2006)](#). "The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the [district] court," [Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999)](#) (internal quotations omitted) and motions to disqualify must be subjected to "particularly strict scrutiny" due to the potential for abuse. [Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007).](#)

Violations of ethical guidelines may provide a basis for disqualifying an attorney, but the Eighth Circuit has not adopted a bright line rule requiring disqualification in all cases where an ethics violation has occurred or will occur unless the attorney in question is disqualified. See Ark. v. Dean Foods Prods. Co., 605 F.2d 380, 383 (8th Cir. 1979)(overruled on other grounds, In re Multi-Piece Rim Prod. Liab. Litig., 612 F.2d 377 (8th Cir. 1980)).

Defendant Gupta claims Koley Jessen's representation of the Plaintiff violates Nebraska Rule of Professional Conduct § 3-501.9. The court has reviewed this rule to assess whether Scaglione and Koley Jessen can represent any defendant in this case. Section 3-501.9 states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> . . .
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> >
> > (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Neb. Ct. R. of Prof. Cond. § 3-501.9.

Matters are "substantially related" "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as

2

would normally have been obtained in the prior representation would materially advance the client's position in a subsequent matter." Neb. Ct. R. of Prof. Cond. § 3-501.9 ct. 3.

> [T]he determination of whether there is a substantial relationship turns on the possibility, or appearance thereof, that confidential information might have been given to the attorney in relation to the subsequent matter in which disqualification is sought. The rule thus does not necessarily involve any inquiry into the imponderables involved in the degree of relationship between the two matters but instead involves a realistic appraisal of the possibility that confidences had been disclosed in the one matter which will be harmful to the client in the other. . . . [I]t is not appropriate for the court to inquire into whether actual confidences were disclosed.

Restatement (Third) of Law Governing Law. § 132 (2000) cmt (d)(iii) (reporter's notes) (quoting Westinghouse Elec. Corp. v. Gulf Oil Corp., 588 F.2d 221, 224 (7th Cir. 1978); accord Dean Foods Prod. Co., Inc., 605 F.2d 380, 383-384 (8th Cir. 1979).

"The party seeking disqualification of his former counsel bears the burden of proving that the present and prior representations are substantially related." A.J. ex. Rel. L.B. v. Kierst, 56 F.3d 849, 859 (8th Cir. 1995); Jacob N. Printing Co. v. Mosley, 779 N.W. 2d 596, 600 (Neb. 2010). Although the party is not required to produce actual evidence of confidential information shared with former counsel, he must provide more than general assertions that the matters were substantially related. In re Olson, 36 B.R. 74, 76 (D. Neb. 1983). General assertions that an attorney possesses knowledge of a party's "trade secrets, trial strategies, negotiation strategies, legal theories or business practices" are not typically sufficient and can be overcome by an attorney affidavit stating the attorney has no knowledge of such items. See Jacob N. Printing Co. v. Mosley, 779 N.W. 2d 596, 602 (Neb. 2010).

The above-captioned lawsuit alleges claims against Gupta and his company, DatabaseUSA, for wrongfully obtaining and using of Infogroup's property, unfair competition, and breach of contract. Koley Jessen represents the plaintiffs. Gupta claims Koley Jessen is disqualified from representing Infogroup in this action because Koley Jessen represented Gupta and his interests in four prior lawsuits. Gupta claims that through that

representation, Koley Jessen gained an understanding of Gupta's decision-making processes, strategic approaches to litigation, information gathering techniques, and methods of responding to litigation. Gupta further states:

> [The four] lawsuits involved allegations that seem to me to be somewhat similar to some of the allegations in the present lawsuit against DatabaseUSA and me. . . . Specifically, these claims which were or are among those pursued by Plaintiffs appear to involve subjects that overlap some aspects of one or more of the lawsuits Koley Jessen handled for me . . . .
>
> . . .
>
> In the [four lawsuits], Koley Jessen and its lawyers interviewed me, talk[ed] to me about my business approaches, decision-making processes, and general methods of evaluating information, assessing circumstances in people, in functioning as a business executive.

([Filing No. 200-2 at CM/ECF p. 2](#)). Gupta argues that during the periods of representation by Koley Jessen and its lawyers, Koly Jessen lawyers reviewed confidential information about Gupta and Database, tax circumstances, and Vinod Gupta's estate plan. Gupta states the knowledge gained by Koley Jessen through its prior representation of Gupta's interests provides a litigation advantage to Plaintiffs. Gupta is not willing to waive any conflict presented by Koley Jessen's representation of Plaintiffs in this litigation.

But the court documents from the four lawsuits, submitted into evidence by Koley Jessen and unrefuted or explained by Gupta's reply, wholly discredit Gupta's averments. Specifically,

- In <u>Kistner v. Infogroup & Gupta</u>, Douglas Co. Dist Ct. Case No. CI 10-9388043, Koley Jessen did not represent Gupta. It represented CCMP Capital Advisors—a private equity firm that purchased Infogroup, Inc. Gupta was represented by Daniel Welch and Larry Welch, Jr. of the Welch Law Firm, P.C. Infogroup, Inc. and the other individual defendants were represented by Kutak Rock. <u>Kistner</u> did not allege unfair competition or unlawful use of customer lists. Rather, in <u>Kistner</u>, Infogroup,

Inc.'s shareholders alleged defendants breached fiduciary duties by selling Infogroup, Inc. to Koley Jessen's client, CCMP, at an unfair price.

- In Sappenfield v. Infogroup, Douglas Co. Dist. Ct. Case No. CI 10-9388014, Infogroup, shareholders alleged Infogroup engaged in an "unfair and self-serving process" which lead to defendants' agreement to sell Infogroup, Inc. to CCMP. As in Kistner, Gupta was represented by the Welch Law Firm, P.C. Infogroup and the other individual defendants were represented by Kutak Rock, and Koley Jessen represented CCMP.

- Both InfoUSA v. Nortel Networks, Douglas Co. Dist. Ct. Case No. CI 10-9339608 and InfoUSA v. Yellowonline.com, Douglas Co. Dist. Ct. Case No. CI 10-9339236 were collection actions. InfoUSA alleged Defendants Nortel and Yellowonline.com, respectively, failed to pay InfoUSA fees owed under a license agreement. InfoUSA's in-house counsel had referred the cases to Koley Jessen, providing a copy of the relevant license agreements and invoices. The cases were filed approximately 14 years ago and as to both, they were dismissed less than 6 months later. Gupta was not a named party in either case.

(See Filing Nos. 203-1, 204).

Gupta further avers that Koley Jessen represented Gupta during IRS audits of his 2013 and 2014 income tax returns. Koley Jessen denies this claim, acknowledging it represented Gupta in an audit by the IRS, but affirmatively stating that representation ended in 2010 when Koley Jessen's representation of Gupta was terminated. Irrespective of the date discrepancy, there is nothing of record explaining with any specificity how or why IRS audits of Gupta's personal tax returns would reveal information about the alleged misuse of Plaintiffs' contact lists by Database and Gupta.

From approximately 1998 until 2010, Koley Jessen represented Gupta in various matters, primarily with respect to estate planning. Gupta claims Koley Jessen possesses Gupta's estate plan documents, and business documents explaining the ownership of his

assets and business interests, how his business interests are connected to, or disjointed from, one another, and the positions of responsibility he holds in those businesses.

In October of 2009, Mr. Gupta asked Koley Jessen attorney Kurt F. Tjaden to file a one page, pre-printed entity formation document with the Nevada Secretary of State for a company. At the time of the formation of DatabaseUSA.com LLC, Gupta consulted with Tjaden regarding the ownership structure and the business plan of DatabaseUSA.com LLC. There is nothing of record indicating Gupta shared, or even knew at that time, how Database would create its contact lists—the crux of the above-captioned lawsuit. In any event, in 2010, Gupta transferred all his files from Koley Jessen to Fraser Stryker, his initial counsel of record in this case. Koley Jessen did not retain copies of the transferred documents. But on February 28, 2012, it reopened Gupta's estate plan to modify the estate planning documents. Koley Jessen attorney Kurt F. Tjaden was the primary attorney responsible to the estate planning documents. Koley Jessen claims this work was unrelated to the conduct at issue in this case, and Gupta has submitted no specific evidence to the contrary. Koley Jessen currently holds Gupta's estate planning documents drafted in 2012, and Scaglione has been firewalled from those documents.

Koley Jessen also represented Gupta as the personal representative of his son, Benjamin Gupta's estate and trust administration. The estate administration began in 2012 and included, among other tasks, work relating to an audit of Benjamin Gupta's federal estate tax return. Attorney Kurt F. Tjaden was the primary attorney responsible, with his last time entry on that matter occurring in July of 2014. Financial information related to DatabaseUSA.com LLC was collected during the course of the estate and trust administrations, but Database has already produced more recent financial statements in this case. Gupta has not shown how outdated financial statements are relevant to the claims alleged in this action.

As to the matters relevant to the current litigation-- Gupta's Separation Agreement and General Release, the Infogroup's lawsuit against Database LLC in the Douglas County

District Court, (Infogroup v. Database LLC, Douglas Co. Dist. Ct. Case No. CI 11-5969), and the Settlement and Full Mutual Release Agreement from the State Court Action—Koley Jessen was not involved. It did not represent Gupta in negotiating a separation agreement from Infogroup, and it represented no parties in the Douglas County litigation (which did not name Gupta as a party) .

Gupta filed a motion for leave to file supplemental evidence after briefing was completed on the motion to disqualify. (Filing No. 205). Under local rule NECivR 7.1(c): "No party may file further briefs or evidence without the court's leave." The undersigned declines to allow Gupta to file any additional evidence in support of his motion to disqualify and his motion for leave to provide supplemental evidence for in camera review is denied.

Accordingly,

IT IS ORDERED that Defendants' Motion to Disqualify Koley Jessen, (Filing No. 199) and Defendants' Motion for Leave to Provide Supplemental Evidence and Leave to Disclose Documents, (Filing No. 205) are denied.

May 4, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.