IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP, INC., Delaware corporation; INFOUSA, INC., Delaware corporation; and INFOUSA MARKETING, INC., Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>VINOD GUPTA, and DATABASEUSA.COM LLC, a Nevada limited-liability company;<br><br>Defendants. | 8:14CV49<br><br>**MEMORANDUM AND ORDER** |

This case has been pending for over three years, all parties have changed counsel representation during the course of the litigation, and after ruling on three separate (but in many respects duplicative) motions to dismiss, Plaintiffs' claims are now alleged in a sixth version of the complaint. (Filing No. 227). In addition, the court has ruled on motions to disqualify counsel, to compel discovery, and for summary judgment. The court's active involvement in trying to manage the discovery phase alone dates back two years—to the day. (Filing No. 140).

Currently, there are motions asking the court to set aside its prior protective order (entered on the parties' joint stipulation), (Filing No. 241); to sanction Plaintiffs for alleged "wrongful acts of concealment and complicity in procurement of highly confidential Database information," (Filing No. 256); and for a protective order and an order regarding the scheduling of discovery. (Filing No. 262). Defendant Gupta again raises conflict of interest issues previously addressed in the court's order denying disqualification of Plaintiffs' counsel.

Compare, Filing No. 199 and Filing No. 263-7, at CM/ECF p. 5. Moreover, Defendants' reply brief on the pending motion for sanctions challenges a declaration signed by Plaintiffs' counsel, (Filing No. 268), stating "the descriptions in paragraphs 8 and 9 of the [declaration] require examination in a deposition," (Filing No. 268, at CM/ECF p. 2). According to defense counsel, Plaintiffs' counsel "would have to be the first witness," (Filing No. 263-6), and allegedly "may become, and may have already become . . . a material witness" in this case. (Filing No. 264, at CM/ECF p. 8).

The pending sanctions issues and allegations raised their ugly head at least three months ago, but until the pending motions were filed, no one asked the undersigned magistrate judge for assistance in managing or quelling the escalating controversy. But with written motions now filed, and extensive responses and replies of record, the court presided over an extensive (and very forthright) conference with counsel to express the court's concerns with the parties' failure to move forward toward resolution of this case, and with the vitriolic quagmire presented to the court through the parties' recent filings.

Simply stated, rather than progressing to trial or settlement, the case is unravelling while simultaneously devouring court resources.

Accordingly, on the court's own motion,

IT IS ORDERED:

1. The depositions currently scheduled for the afternoon of September 14, 2017, will be held on that date. The parties' respective deponents shall timely attend, and in the absence of a valid claim of attorney-client privilege or work product protection, they shall fully answer all questions posed. Counsel shall

contact the court during those depositions if any deponent fails to fully comply with this order, and to that end, the court has set aside the afternoon of September 14, 2017 to take phone calls from counsel and, if necessary, make rulings or preside over the deposition(s) by telephone.

2.  A settlement conference will be held during the week of October 16, 2017, commencing in Courtroom No. 2 of the Lincoln Federal Building. Michael Iaccarino, President and CEO of Plaintiff InfoGroup, and Vinod Gupta, on behalf of himself and Defendant Database, along with their respective counsel, shall personally attend the conference and shall be prepared to participate and negotiate a settlement of this case. The parties shall <u>immediately</u> confer to select a mutually available date and shall advise the court accordingly.[1]

3.  If a party fails to comply with paragraph (2) of this order, costs, attorney fees, and sanctions may be imposed by the court against the non-complying party, counsel for that party, or both.

4.  Prior to the settlement conference, counsel shall discuss settlement with their respective clients (and any insurance representatives), and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance.

5.  Counsel shall submit a confidential settlement statement (not to exceed 20 pages in length) to the undersigned magistrate judge by email to zwart@ned.uscourts.gov no later than October 6, 2017, setting forth the relevant

---

[1] **Note**: Attorneys are permitted to bring their cell phones into the federal building only upon the presentation of their bar card. If parties or other non-attorneys wish to bring their cell phones to the conference, please alert chambers so the undersigned can authorize their clearance with the security officers.

positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed. Copies need not be served on opposing counsel or parties.

6. Notwithstanding the provisions of Rule 408, Fed. R. Evid., all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pursuing a motion for sanctions regarding the settlement conference.

7. The court's ruling on the pending motions for protective order, for sanctions, and to set a discovery schedule, (Filing Nos. 241, 256, and 262), remain pending. These motions will be promptly ruled on if this case is not settled during the week of October 16, 2017.

8. If any dispute arises hereafter which threatens to derail the parties' ability to thoroughly engage in informed settlement discussions during the week of October 16, 2017, counsel shall immediately contact the chambers of the undersigned magistrate judge.

September 1, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge