IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Infogroup, Inc., et al., | |
| Plaintiffs, | 8:14-CV-49 |
| vs. | MEMORANDUM AND ORDER |
| DatabaseLLC, et al., | |
| Defendants. | |

This matter is before the Court on the defendants' motion for summary judgment (filing 374) pursuant to Fed. R. Civ. P. 56 and the plaintiffs' motion to strike (filing 386) the motion for summary judgment as untimely. The Court will deny the motion to strike, solely because the Court is not persuaded that procedurally, striking the motion for summary judgment is the right remedy. But the Court agrees that the motion for summary judgment is untimely, and will deny it on that basis.

To begin, the parties have guided this case to its current state through their extensive and burdensome pretrial practice. Both sides have tested the Court's patience by requiring it to maintain an active role in over three years of boundless discovery disputes, *see* filing 140, 199, 241, 256, 262, while consuming Court resources through at least six versions of amended complaints, *see* filing 1, 23, 100, 154, 156, 227, and three or four rounds of dispositive motions. *See* filing 103, 160, 181, 229. The Court has done its best to accommodate the contentious nature of this litigation by permitting numerous extensions of discovery deadlines, issuing a stay on the litigation while the Court resolved a motion to disqualify, and pushing trial down the

road for almost two years. *See* filing 105, 187, 221, 280. Now, less than six weeks before the parties are set for trial, *see* filing 187 at 2; filing 280 at 2, the defendants have filed a motion for summary judgment, including an 86 page brief (filing 379) and 45 exhibits containing 1453 pages of evidence (filing 376), seeking dismissal of nearly all of the plaintiffs' substantive allegations. *See* filing 379 at 85.

But that motion is too little, too late. Under Rule 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." And here, the Court has ordered otherwise in at least three orders which have governed the progression of this case: (1) filing 105, (2) filing 187, and (3) filing 280.

The latter two orders (filing 187 and filing 280) are of particular relevance to the defendants' underlying motion for summary judgment. In the second progression order, filing 187, the Court, among other things, extended the deadline for filing motions to dismiss and motions for summary judgment. The order was clear: "[t]he deadline for filing motions to dismiss and motions for summary judgment is December 5, 2016." Filing 187 at 2. Nearly one year later, the progression order was, again, amended following an unsuccessful settlement conference. *See* filing 280; filing 386. That amended progression order, primarily, extended expert depositions and deadlines and pertained to various motions associated with trial (*i.e.*, *Daubert* motions and motions in limine). It did not, however, alter *any* previous deadlines set for dispositive motions such as the underlying motion for summary judgment. *See* filing 280 at 1-2. Rather, the order specified the following:

9. The parties shall comply with all other stipulations and agreements recited in the final progression order that are not inconsistent with this order.

10. **No further continuances of this case progression schedule will be granted absent a substantial showing of good cause.**

Filing 280 at 2 (emphasis in original). In other words, the third progression order made two things clear: (1) all previous scheduling provisions, including the December 5, 2016 deadline for filing any motions to dismiss or motions for summary judgment, remained intact; and (2) if the parties wished to further extend the deadlines in any way, they would need to demonstrate a *substantial* showing of good cause. *See* filing 280.

But the defendants' June 27, 2018, motion for summary judgment does not come close to complying with the deadline for dispositive motions. And the defendants have not provided the Court with any substantial reason why, in their view, an extension of the dispositive motion deadline is warranted. The defendants' argument, at today's hearing, seems to be that the substance of the plaintiffs' claims have changed warranting a belated filing of a summary judgment motion. But having reviewed the plaintiffs' pleadings, the Court sees no basis in them to conclude that any amendments to the plaintiffs' claims sufficiently changed the landscape to provide grounds for summary judgment that were not there throughout these proceedings. *Compare* filing 154 *with* filing 227. Regardless, there is no reason to excuse a motion for summary judgment that is this far past the deadline. Thus, the defendants' motion for summary judgment—which was filed nearly eighteen months after the

3

deadline for dispositive orders had expired—will be denied as untimely. Whether the grounds provided for summary judgment might also be the basis for any other motion during the course of trial is a matter the Court will consider if, or when, such a motion is filed.

As a final matter, despite the parties' recent arguments and briefing discussing the ways in which discovery remains ongoing, *see e.g.* filing 396, the Court wants to make one thing clear: ongoing discovery will not delay the inevitable, and trial in this case will begin at 9:00 a.m. on August 13, 2018.

IT IS ORDERED:

1. The defendants' motion for summary judgment (filing 374) is denied.

2. The plaintiffs' motion to strike (filing 386) is denied.

Dated this 5th day of July, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge