United States District Court
District of Nebraska

| | |
|---|---|
| **INFOGROUP, INC.,** infoUSA, Inc., and infoUSA Marketing, Inc., Delaware corporations, **Plaintiffs,** v. **DatabaseUSA.com LLC, et al,** A Nevada Limited Liability Company, and Vinod Gupta, **Defendants.** | Case No. 8:14-cv-49 Hon. John M. Gerrard, J Hon. Susan Bazis, MJ **Defendants' Brief in Opposition to Plaintiffs' "Motion to Clarify or Add Party Defendants" (#377)** |

1. Defendants, Vinod Gupta and DatabaseUSA.com LLC, respectfully oppose Plaintiffs' Motion to Clarify or Add Party Defendants. Plaintiffs did not sue InfoFree.com, LLC, a Nevada Limited Liability Company when this case was filed in 2014. Plaintiffs did not add InfoFree.com, LLC as a party, upon amending their Complaint on any of the nearly half dozen times they did so.

2. On June 27, 2018 (#377) Plaintiffs requested that they be allowed to add "InfoFree.com, LLC, a Nevada Limited Liability Company", as well as "InfoFree.com", "AtoZ Databases", and "AtoZ Databases.com" as named parties to this 4 ½ year old lawsuit. They offer no justification or excuse and they suggest no rationale for doing so, but try to blame their own decision making for not suing these parties earlier.

3. The pleading on file alleges InfoFree.com and AtoZ Databases.com are trade names of DatabaseUSA.com, LLC. (#23), Passim. This does not, however, provide a basis for adding additional entities to the lawsuit at this late stage - indeed at a stage so late that the Court has concluded summary judgment motions are too late to be included in the case.

4. InfoFree.com is a separate, distinct limited liability company. (#376-16, 376-17 pp 3-4). It has not been sued. Whether it has distinct defenses is not known, because it has not been sued and there has been no discovery. Indeed, there have been no allegations made against it.

5. Defendants freely admit InfoFree is registered as a trade name of Database, LLC. Database LLC is not the party in the case. It is not DatabaseUSA.com, LLC who is the actual party in this case, and is registered in Nebraska as a foreign business entity lawfully incorporated in Nevada. (#376-16, 376-17, pp 3-4; #402-2, Database, LLC, Nebraska Secretary of State Business Search Listing)

6. Adding InfoFree.com, LLC at this stage would require that the Court permit the company to engage counsel, plead, assert its own defenses, conduct discovery, and delay the entire law suit. This is what Plaintiffs seek

7. But, Plaintiffs seek to do so by "deeming" this distinct juridical entity a party without according it any opportunity to plead or prepare it defenses through discovery. Instead, Plaintiffs would have the Court pay no attention to the fact that InfoFree.com, LLC has been a stranger to this lawsuit. They would have the case simply extended to append the company.

8. It is true that some testimony and discovery makes some references to the InfoFree.com website. But this does not concede its ownership, nor does it anyway diminish or eradicate the need to serve a new Defendant with process, and accord it the respect required of it as an independent entity.

9. It is true that a limited liability company, or LLC, is a corporate structure of relatively recent origin. Mark Ward, *A Guide to the Iowa LLC Act*, 42 Drake L Rev 385, 386-89 (1993). An LLC is a hybrid of partnership and a corporation, offering pass-through a taxation of partnership while preserving corporate limited liability. *Id*. But, the LLC is, nevertheless, entity separate and distinct from its members and managers. *In Re Calhoun*, 312 BR 380, 383 (BKR ND Iowa 2004).

> "…[T]he individual members and managers of a limited liability company are generally not liable for a debt, obligation or liability of the company.

2

> And a Court will disregard such a company's identify only where the company has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another. The company's identity as a separate legal entity will be preserved as a general rule, until sufficient reason to the contrary appears. And the Plaintiffs seeking to impose liability on an individual member or manager has the burden of proving that the company's identity should be disregarded to prevent fraud or injustice to the Plaintiff."

*Thomas & Thomas Court Reporters, LLC v. Switzer*, 810 NW2d 677, 685 (Neb 2012).

10. Limited Liability Companies are distinct entities. Members have no interest and specific assets. See e.g., 6 DL C § 18-701. The Nevada statute is equally clear. Nevada's law controls InfoFree.com, LLC since it is organized there. *Nev Res* § 86.371 provides:

> "Unless otherwise provided in the articles of organization or agreement signed by the member or manager to be charged, no member or manager of any limited liability company formed under the law of this State is individually liable for the debts or liabilities of the company."

*Nev R S* § 86.371, (Westlaw 2018). The Nevada Supreme Court has held:

> A " '[m]ember's interest' " is defined as "a share of the economic interests in a limited-liability company, including profits, losses and distributions of assets." NRS 86.091. However, Gilmore's argument fails to address the fact that LLCs, like corporations, have perpetual existence and are distinct from their managers and members. NRS 86.155; NRS 86.201(3).

*Excellence Cmty. Mgmt. v. Gilmore*, 351 P3d 720, 723 (Nev 2015). In the eyes of the court, an LLC is considered to have an existence separate from its members. *See, e.g., Abrahim & Sons Enterprises v. Equilon Enterprises, LLC,* 292 F.3d 958, 962 (9th Cir.2002)

11. Nevada law expressly limits the liability of a member limited liability company. I*d.* Also, *In Re Giampietro*, 317 Br 841 (BKR Nev 2004). Alter egos may be held liable only if that theory is plead and proven. *Id*. Acts of managing an LLC cannot result in personal culpability. *Gardner on behalf of LG v. Eighth Judicial District Court,*

3

405 P. 3D651, (Nev 2017). As the United States District Court for the District of Nevada observed in 2008:

> From a corporation, an LLC borrows the characteristics of member protection from personal liability, the requirement that organizers file articles of organization with the secretary of state, a corporate form of governance if the LLC elects to be governed by managers, and an operating agreement analogous to corporate bylaws. *Id.* An LLC has an existence separate from its members and managers. *Abraham & Sons Enterprises v. Equilon Enterprises, LLC,* 292 F.3d 958, 962 (9th Cir.2002) (applying California law and stating "Members own and control most LLCs, yet the LLCs remain separate and distinct from their members.").

*Montgomery v. eTreppid Technologies, LLC*, 548 FSupp2d 1175, 1180 (D Nev 2008).

12. In this case, the effort is not to pierce an entity vail, but to simply "deem" a company that has never been sued or served with process to be a party from the lawsuit at the time of its inception. The Motion to Clarify or Add Parties offers no authority for this proposition (#377). At this late stage, modification of the pleadings to add parties should be permissible only to prevent manifest injustice. Compare *Fed R Civ P* 16(e). This Court's November 15, 2017 Progression Order (#280) cut off written discovery as of that date, permitting only supplementation. It did not authorize further amendments to pleadings or addition of more parties. But each party has the right to engage in discovery. This includes newly added parties. Fed R Civ P 26. the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin–Manriques v. Immigration and Naturalization Serv.,* 699 F.2d 129, 134 (3d Cir.1983). The rules for depositions and discovery "are to be accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

13. Restarting the discovery would be necessary, at least in part. *See American Civil Liberties Union of Minnesota*, 643 F3d 108, 1095 (8th Cir 2011) ("when the discovery schedule is set, written discovery has commenced, and some depositions have been taken in a lawsuit, the addition of new parties often results in some prejudice to the existing parties"). *Webb v. Dr Pepper Snapple Group, Inc.*, 2018 WL 1990509, at *3 (WD Mo, 2018). See also, *League*

4

*of United Latin Am. Citizens v. Wilson,* 131 F3d 1297, 1303–04 (9th Cir.1997) (finding that the addition of a new party would inevitably delay the litigation and was prejudicial because of the long delay); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F3d 361, 370 (3d Cir 1995) (considering the amount of discovery that had occurred in assessing prejudice to existing parties).

14. Evidence cited by the Plaintiffs does not lead the Court in any meaningful direction. Defendants address piece of evidence below.

    14.1. #378-2, is a set of discovery responses from Defendants which redact the answer but recite the Interrogatory as it was drafted by Plaintiffs. Plaintiffs somehow claim that Defendants obligation to keep the Interrogatory question as it was written is somehow an admission. It is not. It is merely a repetition of Plaintiffs' authorship.

    14.2. #378-3, Ex B, is a small portion of Robert Smith's deposition taken in February 2018. He identified "Infofree", not Infofree.com, LLC, as a primary business division or trade name of DatabaseUSA. Infofree is not the party which Plaintiffs seek to add to this case. Further, Bob Smith was not operating as a corporate representative when he was asked to give this deposition, so this is not a statement made on behalf of anyone other than himself.

    14.3. #378-4, Ex C, is a website posting that appears to come from DatabaseUSA's website. It states "Vin Gupta was excited to move forward. He decided to establish a new, improved venture with similar roots. Together with his co-founders, they created AtoZdatabases, DatabaseUSA.com and infofree.com…." This only makes clear that there are business operations with different names. It does not assign ownership of infofree.com to any other business listed in this statement.

    14.4. #378-5, Ex D, is a Nevada Secretary of State Business listing for Infofree.com, LLC. This document only proves that this entity is a separate organized entity.

14.5. #378-6, Ex E, This document appears to be a press release discussing promotions within DatabaseUSA. It contains a reference to Everest Group, a party not in this case. It then goes on to state infofree.com is part of its portfolio. Defendants are not sure how this proves the relationship of DatabaseUSA.com, LLC to Infofree.com, LLC. All it shows is that Everest Group may own interests in each separately organized company.

15. Plaintiffs' evidence in support of their Motion, #377, might provide a basis for liability against an existing party if it is proven that the existing party is responsible for the acts attributed to InfoFree.com. This may be taken up at trial. However, the evidence does nothing to suggest that Infofree.com, LLC is a trade name of any company, much less Database.com, LLC.

16. But adding an entire new legal entity as an additional Defendant is a much different matter. Obviously, a new party may not be added, or deemed to have been involved, without having been served with a summons, and accorded an opportunity to be informed of the claims, and to defend itself. For Infogroup.com, LLC this has not occurred.

17. The Plaintiffs' Motion (#377) to add parties is without merit. Granting it will cause delay. A new party will need discovery, causing more delay.

DatabaseUSA.com LLC, et al. Defendants

By: *David A. Domina*
David A Domina, #11043
Domina Law Group pc llo
2425 So. 144th St. Omaha, NE 68144-3267
(402) 493-4100
ddomina@dominalaw.com
Defendants' Lawyer

## Certificate of Service

I certify that on July 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record:

> Gregory C. Scaglione, #19368
> Elizabeth Hoffman, #25875
> KOLEY JESSEN P.C., L.L.O.
> 1125 South 103rd Street, Suite 800
> Omaha, NE 68124-1079
>
> Elizabeth.hoffman@koleyjessen.com
> Greg.Scaglione@koleyjessen.com

*David A. Domina*

DC5861