IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP, INC., Delaware corporation; INFOUSA, INC., Delaware corporation; and INFOUSA MARKETING, INC., Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>VINOD GUPTA, and DATABASEUSA.COM LLC, a Nevada limited-liability company;<br><br>Defendants. | 8:14CV49<br><br>ORDER |

This matter is before the Court on Defendants' Motion to Remove Certain Protective Order Designations ([Filing No. 327](#)) and Plaintiffs' Motion to Disclose Report of a Sur-rebuttal Expert ([Filing No. 331](#)). For the reasons set forth below, each motion will be granted.

### 1. Defendants' Motion to Remove Certain Protective Order Designations

The Stipulated Protective Order entered in this case contains a "Highly Confidential – Attorneys' Eyes Only" ("AEO") document designation provision. ([Filing No. 29](#).) Defendants have moved the Court to remove this designation from certain documents produced in this case. Defendants generally argue that they need to show these documents to other case participants to prepare for trial.

The Court agrees that removal of this designation as to certain documents is appropriate. As the Court has informed the parties on numerous occasions, once documents designated as AEO are used at trial, they effectively lose their status as confidential. Therefore, all documents that *will be used at trial* are, from this date forth, no longer subject to the AEO designation contained in the Protective Order. The parties shall immediately confer (within three days of this Order) to identify these documents.

Defendants have requested that they be awarded the reasonable expenses and attorneys' fees they incurred in connection with this motion. This request is denied.

## 2. Plaintiffs' Motion to Disclose Report of a Sur-rebuttal Expert

Plaintiffs have requested that they be allowed to disclose Donald Hinman ("Mr. Hinman") as a sur-rebuttal expert. This request will be granted.

On April 27, 2018, Plaintiffs served its "Disclosure of Opinion Testimony (Whether Lay or Expert) of Amit Khanna" ("Khanna Disclosure"). ([Filing No. 336-6](#).) Plaintiffs represent that the opinions in the Khanna Disclosure were based on statements made by Vinod Gupta ("Mr. Gupta") during a deposition (the "Deposition"), in which he testified as the designated "database technology manager with the most knowledge about the parties' databases." ([Filing No. 368](#); [Filing No. 369-2](#).) According to Plaintiffs, leading up to the Deposition, they had concerns about Mr. Gupta's ability to provide complete information regarding Defendants' databases. ([Filing No. 369-2](#).) Therefore, the parties agreed that Vince Foster, another individual from DatabaseUSA, would be present during the Deposition.

On May 11, 2018, Defendants served the rebuttal report of Monica Messer ("Messer Rebuttal"). ([Filing No. 336-5](#).) Plaintiffs contend that instead of rebutting the opinions in the Khanna Disclosure, the Messer Rebuttal attempts to refute the facts to which Mr. Gupta testified during the Deposition and on which Mr. Khanna relied in preparing his opinions. Plaintiffs complain that they decided not to hire an outside expert based upon Mr. Gupta's testimony. Plaintiffs contend that if a sur-rebuttal expert is not permitted, Defendants will be the only side with an expert considering the new factual allegations contained in the Messer Rebuttal.

The Court agrees that some statements made in the Messer Rebuttal are contradictory to information testified to by Mr. Gupta in the Deposition. ([Filing No. 287-1](#); [Filing No. 336-5](#).) Therefore, the Court will permit Mr. Hinman to be disclosed as a sur-rebuttal expert. The Court notes that Plaintiffs assert that they provided Defendants with Mr. Hinman's expert report on June 20, 2018. ([Filing No. 368](#).) The Court further notes that as of June 22, 2018, Plaintiffs had not

yet deposed Defendants' designated expert, Sue Gardner. (*Id*.) Thus, the parties are seemingly in similar positions as it relates to the need for expert depositions.

If Defendants desire to depose Mr. Hinman, the deposition shall occur within ten days of this Order. Plaintiffs shall make Mr. Hinman available during this period. The deposition may occur via video conference. Also, Mr. Hinman's testimony and any expert opinion will be limited to rebutting the opinions contained within the Messer Rebuttal.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Remove Certain Protective Order Designations ([Filing No. 327](#)) is granted, as set forth above.

2. Plaintiffs' Motion to Disclose Report of a Sur-rebuttal Expert ([Filing No. 331](#)) is granted, as set forth above.

Dated this 13th day of July, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge