IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP, INC., Delaware corporation; INFOUSA, INC., Delaware corporation; and INFOUSA MARKETING, INC., Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>VINOD GUPTA, and DATABASEUSA.COM LLC, a Nevada limited-liability company;<br><br>Defendants. | 8:14CV49<br><br>ORDER |

Defendants have moved to depose Blake Van Gilder ("Van Gilder"), a non-party, on August 8, 2018 ([Filing No. 421](#)). Plaintiffs seek a protective order to preclude the deposition ([Filing No. 422](#)).

Van Gilder was deposed in this case on April 11, 2017. Defendants claim that although Van Gilder was previously deposed, they were unable to meaningfully cross-examine him at that time. Defendants assert that given short notice of the deposition, they did not have adequate time to prepare a cross-examination. Moreover, according to Defendants, before Van Gilder's deposition, Plaintiffs had not disclosed Van Gilder in their Rule 26 disclosures, or provided an indication of the substance of his testimony. Thus, at the onset of the deposition, Defendants' counsel tendered an objection to the deposition and reserved the right to re-depose Van Gilder.

Defendants maintain that during the deposition, they learned "shocking" new facts, and Van Gilder presented testimony contradictory to statements he had made in the past. During the deposition, Van Gilder also referenced documents he had allegedly taken from Defendants' offices. Defendants assert that they did not receive copies of the documents taken by Van Gilder until approximately two months after his deposition.

Defendants maintain that they should be granted leave to depose Van Gilder because Plaintiffs plan to play the video of Van Gilder's deposition at trial, rather than call him to testify live. Defendants assert that Plaintiffs confirmed that they planned to call Van Gilder by deposition at the pretrial conference held on July 24, 2018.

Having reviewed the matter and considered the materials presented by the parties, the Court will deny Defendants' request to depose Van Gilder. Trial is set to commence on August 13, 2018. Defendants have been aware of the substance of Van Gilder's testimony since April, 2017. Yet, Defendants waited until two weeks before trial, and over five months past the deposition deadline, to request this second deposition. Allowing the deposition to go forward at this late hour would prejudice Plaintiffs, who will undoubtedly be preparing for trial over the next two weeks. If Van Gilder's testimony is so incredibly relevant and important to this case, Defendants should have sought his deposition months ago, rather than seek to depose him in Sioux Falls, South Dakota on August 8, 2018, only three business days in advance of trial.

Accordingly,

**IT IS ORDERED** that Defendants' Emergency Motion for Leave to Take Discovery ([Filing No. 421](#)) is denied. Plaintiffs' Motion for Protective Order ([Filing No. 422](#)) is granted.

Dated this 2nd day of August, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge