IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Infogroup, Inc., Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DatabaseUSA.com LLC, a Nevada limited-liability company, and Vinod Gupta,<br><br>Defendants. | 8:14-CV-49<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Infogroup's motion to reconsider (filing 499) asking the Court to revise several aspects of its September 12, 2018 Order (filing 491) granting DatabaseUSA's motion (filing 483) to stay execution of the judgment without posting bond. More specifically, Infogroup argues that the Court erred in two ways: (1) by not requiring DatabaseUSA to post bond, and (2) not requiring DatabaseUSA to preserve banking, tax and financial records, and refrain from transferring assets outside of the ordinary course of business. *See* filing 499 at 2.

But before reaching the merits of those arguments, the Court must first address the contention underlying much of Infogroup's motion to reconsider: the Court's purported "deci[sion] to go against the weight of authority and grant an unbonded stay while also not allowing Infogroup an opportunity to respond." Filing 499 at 5. To be clear, DatabaseUSA's motion to stay execution of the judgment was, in essence, a motion to extend the automatic stay that expired on September 12, 2018. *See* Fed. R. Civ. P. 62(a). And despite Infogroup's protestations, it can't be surprising to Infogroup that the Court would resolve that motion before it became moot. Nor has Infogroup explained

how, if at all, the Court's stay pending post-trial motions has actually caused any harm to Infogroup—particularly given the fact that Infogroup can come back and ask the Court to lift the stay or provide security as it has now done.

That said, the Court finds Infogroup's first argument, that the Court erred by not requiring DatabaseUSA or Mr. Gupta to post bond, unpersuasive. Generally speaking, no bond or a reduced bond is sufficient when the creditor's interest (*i.e.,* Infogroup's interest), due to unusual circumstances, would not be unduly endangered. *Id.* Courts may consider a variety of factors in determining whether to waive a supersedeas bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago,* 866 F.2d 902, 904-5 (7th Cir. 1988); *see also Arban v. W. Pub. Corp.,* 345 F.3d 390, 409 (6th Cir. 2003); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986);

And DatabaseUSA presented a strong case in favor of staying the execution of the judgment without requiring bond. DatabaseUSA submitted affidavits—which Infogroup did not, and does not, dispute—evincing the two reasons why bond should be waived. First, Vinod Gupta submitted an affidavit

2

declaring his ability to withstand the $10,000,000.00 judgment against him. Filing 485-1 at 2-3. And as Infogroup is well aware, Gupta is able to satisfy that judgment. Second, DatabaseUSA's CEO, Fred Vakili, submitted an affidavit demonstrating that DatabaseUSA is in such a precarious financial situation that requiring DatabaseUSA to post bond would leave DatabaseUSA with "no assets left to pay any part of the Infogroup judgment" because DatabaseUSA will be forced to file Chapter 11 Bankruptcy. Filing 485-2 at 1-3. And while there appears to be a significant amount of distrust among the parties, Infogroup has failed to provide the Court with any, much less significant, evidence as to why that is not actually true.

Instead, Infogroup makes a general attack on the sufficiency of the affidavits submitted by DatabaseUSA by claiming they are unsupported by any "documentation [or] information." Filing 499 at 7. But the Court sees no reason why—after years of extensive discovery and a seven-day jury trial—such documentation is necessary. The parties have already asked the Court to review thousands of pages of documents through the pendency of this case and the Court is not inclined to review hundreds more solely for the purpose of deciding whether a stay on enforcing the judgment pending post-trial motions ought to be reconsidered. The affidavits are sufficient to support DatabaseUSA's contention that no bond should be required. *See Dillon* 866 F.2d at 904-05; *Arban,* 345 F.3d 390, 409; *Olympia Equip. Leasing Co.*, 786 F.2d at 796.

Even so, the Court sees no reason why Infogroup's alternative argument, that various covenants ensuring DatabaseUSA and Mr. Gupta preserve relevant banking, tax, and financial records, cannot be added to the Court's prior Order staying execution of judgment. And apparently neither does

DatabaseUSA—who did not provide the Court with any substantive argument as to why, in its view, such language would be inappropriate. Accordingly,

IT IS ORDERED:

1. Infogroup's motion to reconsider ([filing 499](filing 499)) is granted in part and denied in part.

2. The Defendants are not required to post a bond during the pendency of any further post-trial motions.

3. The Defendants shall direct their accountants and other financial professionals (with a corresponding commitment from each of them) that all banking, tax and financial records, from and after January 1, 2012, in their possession or control, regarding any Defendant, will be maintained and preserved, without any spoliation.

4. No asset of any Defendant will be transferred, (i) outside the ordinary course of business, (ii) for less than a reasonably equivalent value, or (iii) to an insider.

5. The Defendants shall agree in writing to the tolling of any statute of limitations applicable to fraudulent transfer claims, alter ego claims, continuing corporation claims, director and officer liability claims and all other creditor relief claims of every type and nature, that Infogroup may have against either

Defendants or against any third party who dealt with either of the Defendants.

6. Pursuant to Fed. R. Civ. P. 62, the Defendants are required to pay and satisfy the judgment within fourteen (14) days of the Court's rulings on the Defendants' Rule 50 and Rule 59 post-trial motions, in the absence of any other well-supported motion for a stay.

Dated this 17th day of December, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge